[If you need additional space for ANY section, please attach an additional sheet and reference that section.]   *Part 1 of 3*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

_Jason James Ukena_

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

_Taylor Swift_
_President Donald Trump_
_J.B. Pritzker_
_Illinois Attorney General Kwame Roul_
_Please see Page 8_
_through page 39 for all Defendants_

(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

**RECEIVED**

**JAN 28 2026**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No: _26-50042_
(To be supplied by the <u>Clerk of this Court</u>)

**CHECK ONE ONLY:**

__X__   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
U.S. Code (state, county, or municipal defendants)

__X__   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants)

__✓__   **OTHER** (cite statute, if known)   _18 U.S.C. §1962(d)_ _+ Section 1983_
_+ Bivens?_

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.  **Plaintiff(s):**

A.  Name: _Jason James Ukena_

B.  List all aliases: _Jason James Crossley_

C.  Prisoner identification number: _M16193_

D.  Place of present confinement: _N/A_

E.  Address: _P.O. Box 901 Rock Falls, IL 61071_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.  Defendant: _Taylor Swift_

Title: _private citizen_

Place of Employment: _Universal Music Group (Republic Records)_

B.  Defendant: _Donald J. Trump_

Title: _President_

Place of Employment: _Washington, D.C._

C.  Defendant: _J.B. Pritzker_

Title: _Illinois Governor_

Place of Employment: _Chicago / Springfield_

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Ukena v. Fisher, 2012
Ukena v. Steines   Ukena v. T. November 2023

B. Approximate date of filing lawsuit: 2012   2020   2023

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

D. List all defendants: See Court Filings

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Rockford, Illinois

F. Name of judge to whom case was assigned: Judge Kapala
Magistrate Ian Johnston

G. Basic claim made: Section 1983

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): ???

I. Approximate date of disposition: ???

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Please Read Attached Second Amended Complaint

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**V.     Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

for a judge to stop the current madness in my life so I can find a wife and start a family life and any other equitable and just compensation, since done wants Defendant's to go to prison.

**VI.     The plaintiff demands that the case be tried by a jury.**     ☒ YES     ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___26th___ day of __January__, 20__26__

_____
(Signature of plaintiff or plaintiffs)

Jason James Ukena
(Print name)

M16193
(I.D. Number)

P.O. Box 901
Rock Falls, IL 61071
(Address)

Revised 9/2007
[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

* UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

- WESTERN DIVISION -*

[Jason James Ukena]

Plaintiff,

v.

[Taylor Swift et al]

Defendant(s).

Case No.: [_____]

*SECOND AMENDED COMPLAINT*

1. Introduction

This is a R.I.C.O Conspiracy Complaint: where to establish a RICO conspiracy claim under 18 U.S.C. § 1962(d), one needs to show an agreement between two or more people to commit a substantive RICO offense, and that the defendants knew of and agreed to the overall objective of the RICO offense.

2. Parties

Plaintiff

1. Jason James Ukena is currently a homeless veteran, and is listed as the Plaintiff in this case, who is acting as a private citizen.

Defendants

2. *Defendant Vikki Wright*, is a 3rd Appellate Court Judge employed by the State of Illinois, but at the time of this occurrence, she was acting under the color of law as both an official state actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a state actor *and* as a private citizen. Shee is sued both in her official and individual capacity.

Judges do not have the authority to grant immunity for unlawful acts. *Tower v. Glover*, 467 U.S. 914, 922–23 (1984); *Forrester v. White*, 484 U.S. 219, at 229–30 (1988)(administrative acts are not protected by absolute immunity even though acting within the scope of authority); (summary dismissal of a post-conviction proceeding is an administrative act: See *People v. Rivera*, 198 Ill. 2d 364, at 372–73 (2001)).

If a judge lacks jurisdiction, you may be able to sue them under certain circumstances.

- *Stump v. Sparkman*, 435 U.S. 349 (1978): Established that judges have absolute immunity for judicial acts, but not for non-judicial acts or acts outside their jurisdiction.

- *Mireles v. Waco*, 502 U.S. 9 (1991): Clarified that judges are immune from liability for judicial acts, even if erroneous, but not for administrative or non-judicial acts.

- *Forrester v. White*, 484 U.S. 219 (1988): Held that judges are not immune from liability for administrative acts, such as employment decisions.

To sue a judge for lack of jurisdiction, you'd typically need to show they acted outside their judicial capacity or committed a non-judicial act (backdoor communication through political affiliation)

For unlawful acts, judges generally have absolute immunity for judicial acts, even if erroneous (arguing unconstitutional as applied to the facts)

However, if a judge acts outside their judicial capacity or performs non-judicial acts, they may not be immune

Key cases:

- *Tower v. Glover*, 467 U.S. 914 (1984): Judges don't have immunity for unlawful acts outside their authority.

- *Forrester v. White*, 484 U.S. 219 (1988): Administrative acts aren't protected by absolute immunity.(Judge becomes a "receiver" for those deemed Unfit to Stand Trial)

Involuntary commitment proceedings and medication orders can be complex, especially when judges act in an administrative capacity.

A relevant case is *In re Det. of A.C.* (2023), where the Washington Supreme Court ruled that dismissal of an involuntary treatment petition is warranted if the state's involuntary treatment act requirements are totally disregarded

In California, judges overseeing involuntary commitment proceedings typically follow specific statutes, such as California Welfare and Institutions Code Sections 3050-3055, which outline procedures for committing individuals with narcotic addiction or mental health issues

Regarding judges acting as receivers, the *Plata v. Newsom* case (2006) is notable, where a federal court appointed a receiver to oversee California's prison medical care due to unconstitutional conditions. This shows courts can appoint receivers to manage specific aspects of state institutions

3. *Defendant Hampton*, is a 3rd Appellate Court Judge employed by the State of Illinois, but at the time of this occurrence, he was acting under the color of law as both an official state actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a state actor *and* as a private citizen. He is sued both in his official and individual capacity.

4. *Defendant Unknown(s)*, is a member of the 3rd Appellate Court Clerk's Office employed by the State of Illinois, but at the time of this occurrence, they were acting under the color of law as both an official state actor and in their individual capacity. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as a state actor *and* as a private citizen. They are sued both in their official and individual capacity.

5. *Defendant Stanley B. Steines*, is a Whiteside County Judge employed by Whiteside County, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official county actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a county actor *and* as a private citizen. He is sued both in his official and individual capacity.

6. *Defendant Trish Joyce S.*, is a Whiteside County Judge and State Attorney employed by Whiteside County, Illinois, but at the time of this occurrence, she was acting under the color of law as both an official county/state actor and in her individual capacity. She

engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a county/state actor *and* as a private citizen. She is sued both in her official and individual capacity.

7. *Defendant Kelly*, is a Whiteside County Judge employed by Whiteside County, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official county actor and in his individual capacity. She engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a county actor *and* as a private citizen. She is sued both in her official and individual capacity.

8. *Defendant Mertes*, is a Whiteside County Judge/attorney employed by Whiteside County, Illinois, but at the time of this occurrence, she was acting under the color of law as both an official county actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a county actor *and* as a private citizen. She is sued both in her official and individual capacity.

9. *Defendant William S. McNeal*, is a Public Defender employed by Whiteside County, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official county actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a county actor *and* as a private citizen. He is sued both in his official and individual capacity.

Do you need any of these adjusted further to fit specific wording or formatting in your document?

In Illinois, public defenders are generally immune from liability for negligence claims, as established by the Public and Appellate Defender Immunity Act (745 ILCS 19/1 et seq.).

A key case is Johnson v. Halloran, 194 Ill. 2d 493 (2000), where the Illinois Supreme Court ruled that sovereign immunity doesn't bar actions against public defenders for negligence, but the Public and Appellate Defender Immunity Act may provide immunity

The Act provides immunity for public defenders, assistant public defenders, appellate defenders, and assistant appellate defenders acting within their employment scope. To overcome this immunity, plaintiffs typically need to show willful and wanton conduct

10. *Defendant Amy Huffman-Grevengoed*, is a Public Defender employed by Whiteside County, Illinois, but at the time of this occurrence, she was acting under the color of law as both an official county actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a county actor *and* as a private citizen. She is sued both in her official and individual capacity.

11. *Defendant James Heuerman*, is an Assistant State's Attorney/Public Defender/Whiteside County Judge employed by Whiteside County, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official county actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a county actor *and* as a private citizen. He is sued both in his official and individual capacity.

12. *Defendant James Fagerman*, is an Assistant State's Attorney/Public Defender employed by Whiteside County, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official county actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a county actor *and* as a private citizen. He is sued both in his official and individual capacity.

13. *Defendant Terry Costello*, is a Whiteside County State Attorney employed by Whiteside County, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official county actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a county actor *and* as a private citizen. He is sued both in his official and individual capacity.

In Carroll v. Trump, the court addressed presidential immunity and liability for Official Acts

- *Presidential Immunity Waiver*: Trump's presidential immunity was deemed waivable, and he waived it by failing to raise it in his answer to the state court complaint.(Please stop advancing "their" interests)

- *Liability for Official Acts*: The Supreme Court's 2024 ruling in Trump v. United States established that presidents have absolute immunity for core constitutional powers and presumptive immunity for official acts, but no immunity for unofficial acts.

- *Civil Defamation Case*: In Carroll v. Trump, the 2nd Circuit upheld an $83.3 million defamation award, rejecting Trump's immunity bid, stating the defense doesn't shield him from this civil case

Regarding "color of law," it refers to actions taken by government officials or those with authority that appear lawful but violate someone's rights.

This concept is crucial in civil rights cases, particularly under 18 U.S.C. § 242 and 42 U.S.C. § 1983.

In Illinois, prosecutors are implied to have knowledge of their agents, including police officers, as established by Brady v. Maryland (1963). (This implies Confidential Informants)

In People v. Martin (1970), the Illinois Supreme Court held that prosecutors are charged with knowledge of information known to police officers acting under their direction. This means prosecutors have a duty to disclose exculpatory evidence, including information possessed by law enforcement agencies involved in the investigation

- *People v. Sanchez (2016)*: An Illinois appellate court ruled that prosecutors have a duty to disclose impeachment evidence, including police misconduct records, to the defense.

Additionally, Illinois Rule of Professional Conduct 3.8(d) requires prosecutors to make timely disclosure of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense

15. *Defendant A.S.A. Simon*, is a Whiteside County Assistant State Attorney employed by Whiteside County, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official county actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a county actor *and* as a private citizen. He is sued both in his official and individual capacity.

16. *Defendants Unknowns in the State Attorney's Office*, are Whiteside County Assistant State Attorneys employed by Whiteside County, Illinois, but at the time of this occurrence, they were acting under the color of law as both official county actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as county actors *and* as private citizens. They are sued both in their official and individual capacities.

17. *Defendant Gary Spencer*, is a Whiteside County State Attorney employed by Whiteside County, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official county actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a county actor *and* as a private citizen. He is sued both in his official and individual capacity.

18. *Defendant Sue Costello*, is a Whiteside County Circuit Clerk employed by Whiteside County, Illinois, but at the time of this occurrence, she was acting under the color of law as both an official county actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a county actor *and* as a private citizen. She is sued both in her official and individual capacity.

19. *Defendants Unknowns Clerk's Office*, are members of the Whiteside County Circuit Clerk's Office employed by Whiteside County, Illinois, but at the time of this occurrence, they were acting under the color of law as both official county actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as county actors *and* as private citizens. They are sued both in their official and individual capacities.

20. *Defendant John Booker*, is a Whiteside County Sheriff employed by Whiteside County, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official county actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a county actor *and* as a private citizen. He is sued both in his official and individual capacity.

21. *Defendant LT Cavaso*, is a member of the Whiteside County Sheriff's Office employed by Whiteside County, Illinois, but at the time of this occurrence, she was acting under the color of law as both an official county actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a county actor *and* as a private citizen. She is sued both in his official and individual capacity.

22. *Defendant Vinson*, is a member of the Whiteside County Sheriff's Office employed by Whiteside County, Illinois, but at the time of this occurrence, shee was acting under the color of law as both an official county actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a county actor *and* as a private citizen. She is sued both in her official and individual capacity.

23. *Defendants Unknowns*, are members of the Whiteside County Sheriff's Office employed by Whiteside County, Illinois, but at the time of this occurrence, they were acting under the color of law as both official county actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as county actors *and* as private citizens. They are sued both in their official and individual capacities.

24. *Defendant Timothy Fisher*, is a Rock Falls Officer/witness employed by the City of Rock Falls, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

25. *Defendant Jeremy Vonda*, is a Rock Falls Officer/witness employed by the City of Rock Falls, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

26. *Defendant Micheal Kuelper*, is the Rock Falls Chief of Police/witness employed by the City of Rock Falls, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

27. *Defendant Diaz*, is a Polo Police/C.G.H. guard/Rock Falls Officer/witness employed by the City of Rock Falls/Whiteside County, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal/county actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal/county actor *and* as a private citizen. He is sued both in his official and individual capacity.

28. *Defendant Coppotelli*, is a Rock Falls Commander/witness employed by the City of Rock Falls, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under

the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

29. *Defendant John Thatcher*, is a Rock Falls Officer (off duty) employed by the City of Rock Falls, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

30. *Defendant Current Chief of Police*, is a Rock Falls Officer/witness employed by the City of Rock Falls, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

31. *Defendant Unknown R.F. Sergeant*, is a Rock Falls Officer/witness employed by the City of Rock Falls, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

32. *Defendants Unknown(s) R.F. Officer*, are Rock Falls Officers/witnesses employed by the City of Rock Falls, Illinois, but at the time of this occurrence, they were acting under the color of law as both official municipal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as municipal actors *and* as private citizens. They are sued both in their official and individual capacities.

33. *Defendant Bryan Snow*, is a City of Rock Falls Alderman employed by the City of Rock Falls, Illinois, but at the time of this occurrence, he was acting under the color of law as

both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

34. *Defendant Rock Falls City Clerk*, is a City of Rock Falls staff employed by the City of Rock Falls, Illinois, but at the time of this occurrence, s/he was acting under the color of law as both an official municipal actor and in his individual capacity. S/he engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

35. *Defendants Unknowns Rock Falls City staff*, are City of Rock Falls employees employed by the City of Rock Falls, Illinois, but at the time of this occurrence, they were acting under the color of law as both official municipal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as municipal actors *and* as private citizens. They are sued both in their official and individual capacities.

36. *Defendants Unknowns Sterling City staff*, are City of Sterling employees employed by the City of Sterling, Illinois, but at the time of this occurrence, they were acting under the color of law as both official municipal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as municipal actors *and* as private citizens. They are sued both in their official and individual capacities.

37. *Defendant Skip Lee*, is the City of Sterling Mayor employed by the City of Sterling, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

38. *Defendant Mayor Merdian*, is the City of Sterling Mayor employed by the City of Sterling, Illinois, but at the time of this occurrence, she was acting under the color of law as both an official municipal actor and in his individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a municipal actor *and* as a private citizen. She is sued both in her official and individual capacity.

39. *Defendants Unknown Sterling City Hall Staff*, are City of Sterling employees employed by the City of Sterling, Illinois, but at the time of this occurrence, they were acting under the color of law as both official municipal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as municipal actors *and* as private citizens. They are sued both in their official and individual capacities.

40. *Defendants Unknown Sterling Park District staff*, are City of Sterling employees employed by the City of Sterling, Illinois, but at the time of this occurrence, they were acting under the color of law as both official municipal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as municipal actors *and* as private citizens. They are sued both in their official and individual capacities.

41. *Defendant Tim Zollinger*, is a Sterling City Attorney employed by the City of Sterling, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in official and individual capacity.

Section 1983 liability for private persons typically requires that the individual acted under color of state law, meaning they were acting with state authority or on behalf of the state.

Here are some key cases:

- *Ochoa v. Pub. Consulting Grp., Inc.* (2022): The Ninth Circuit held that a private entity can be liable under Section 1983 if it acts under color of state law and deprives someone of a constitutional right.

- *Garnier v. O'Connor-Ratcliff* (2025): The Ninth Circuit applied the "Lindke test" to determine if a school board president's actions on social media constituted state action, making them liable under Section 1983.

- *Avalos v. Baca* (2010): The Ninth Circuit emphasized that individual liability under Section 1983 requires personal participation in the alleged rights deprivation

To establish Section 1983 liability, you'll typically need to show:

- The defendant acted under color of state law
- The defendant's actions deprived you of a constitutional right
- The defendant's conduct was the cause of your injury

42. *Defendant Tim Zollinger's wife*, is a Saint Paul Lutheran Church Treasurer employed by Saint Paul Lutheran Church, but at the time of this occurrence, she was acting under the color of law as a private citizen in her individual capacity. She engaged in the conduct complained of and is sued in her individual capacity.

43. *Defendants Unknown Attorney(s)*, are City of Sterling Attorneys employed by the City of Sterling, Illinois, but at the time of this occurrence, they were acting under the color of law as both official municipal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as municipal actors *and* as private citizens. They are sued both in their official and individual capacities.

44. *Defendants Unknown Attorney(s)*, are City of Dixon Attorneys employed by the City of Dixon, Illinois, but at the time of this occurrence, they were acting under the color of law as both official municipal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as municipal actors *and* as private citizens. They are sued both in their official and individual capacities.

45. *Defendants Unknown(s) Dixon City staff*, are City of Dixon employees employed by the City of Dixon, Illinois, but at the time of this occurrence, they were acting under the color of law as both official municipal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as municipal actors *and* as private citizens. They are sued both in their official and individual capacities.

46. *Defendants Unknown(s) Dixon City Riverfront staff*, are City of Dixon employees employed by the City of Dixon, Illinois, but at the time of this occurrence, they were acting under the color of law as both official municipal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as municipal actors *and* as private citizens. They are sued both in their official and individual capacities.

47. *Defendants Unknown(s) in the State Attorney's Office*, are Lee County State Attorney's Office employees employed by Lee County, Illinois, but at the time of this occurrence, they were acting under the color of law as both official county actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as county actors *and* as private citizens. They are sued both in their official and individual capacities.

48. *Defendant Sgt. Brad Johnson*, is a Sterling Officer/witness employed by the City of Sterling, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

49. *Defendant Garcia*, is a Sterling Officer/witness employed by the City of Sterling, Illinois, but at the time of this occurrence, she was acting under the color of law as both an official municipal actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a municipal actor *and* as a private citizen. She is sued both in his official and individual capacity.

50. *Defendants Unknown(s) female brown hair*, are Sterling Officers/witnesses employed by the City of Sterling, Illinois, but at the time of this occurrence, they were acting under the color of law as both official municipal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as municipal actors *and* as private citizens. They are sued both in their official and individual capacities.

51. *Defendant Nease*, is a Sterling Officer/witness employed by the City of Sterling, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

52. *Defendant Russell*, is a Sterling Officer/witness employed by the City of Sterling, Illinois, but at the time of this occurrence, she was acting under the color of law as both an official municipal actor and in his individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a municipal actor *and* as a private citizen. She is sued both in her official and individual capacity.

53. *Defendant Sergeant*, is a Sterling Officer/witness employed by the City of Sterling, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the

color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

54. *Defendants Unknown(s)*, are Sterling Officers/witnesses employed by the City of Sterling, Illinois, but at the time of this occurrence, they were acting under the color of law as both official municipal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as municipal actors *and* as private citizens. They are sued both in their official and individual capacities.

55. *Defendant F.O.I.A. Officer*, is a Sterling Officer/witness employed by the City of Sterling, Illinois, but at the time of this occurrence, she was acting under the color of law as both an official municipal actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a municipal actor *and* as a private citizen. She is sued both in her official and individual capacity.

56. *Defendant Pottoff*, is a Sterling Officer/witness employed by the City of Sterling, Illinois, but at the time of this occurrence, he was acting under the color of law as an official municipal actor. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor. He is sued in his official capacity.

57. *Defendant Male Latino Officer May 6th*, is a Sterling Officer/witness employed by the City of Sterling, Illinois, but at the time of this occurrence, he was acting under the color of law as an official municipal actor. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a municipal actor. He is sued in his official capacity.

58. *Defendant Chief of Sterling Police Department*, is a Sterling Officer/witness employed by the City of Sterling, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official municipal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting

under the color of law as a municipal actor *and* as a private citizen. He is sued both in his official and individual capacity.

59. *Defendants Unknown Construction Workers*, are Union construction company employees with grey trucks Dixon/Sterling employed by Willett Hofmann & Associates, but at the time of this occurrence, they were acting under the color of law as both official actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as actors *and* as private citizens. They are sued both in their official and individual capacities.

60. *Defendant Kwame Raoul*, is an Illinois Attorney General's Office employee employed by the State of Illinois, but at the time of this occurrence, he was acting under the color of law as both an official state actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a state actor *and* as a private citizen. He is sued both in his official and individual capacity.

61. *Defendants Unknown(s)*, are Illinois Attorney General's Office employees employed by the State of Illinois, but at the time of this occurrence, they were acting under the color of law as both official state actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as state actors *and* as private citizens. They are sued both in their official and individual capacities.

62. *Defendants Unknown(s)*, are Illinois State Police employees employed by the State of Illinois, but at the time of this occurrence, they were acting under the color of law as both official state actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as state actors *and* as private citizens. They are sued both in their official and individual capacities.

63. *Defendant Unknown Red Tasmanian roadster*, is an Illinois State Police/Attorney General's Office employee employed by the State of Illinois, but at the time of this

occurrence, he was acting under the color of law as both an official state actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a state actor *and* as a private citizen. He is sued both in his official and individual capacity.

64. *Defendant Russell*, is an Illinois State Police employee employed by the State of Illinois, but at the time of this occurrence, he was acting under the color of law as both an official state actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a state actor *and* as a private citizen. He is sued both in his official and individual capacity.

65. *Defendant Russell*, is a Planet Fitness (Sterling, IL) manager employed by Planet Fitness, but at the time of this occurrence, he was acting under the color of law as both an official actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as an actor *and* as a private citizen. He is sued both in his official and individual capacity.

66. *Defendants Unknown Planet Fitness staff*, are Planet Fitness employees employed by Planet Fitness, but at the time of this occurrence, they were acting under the color of law as both official actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as actors *and* as private citizens. They are sued both in their official and individual capacities.

67. *Defendant Lou Pignattelli*, is an attorney for Judge Steines and Dustin Funderberg privately employed by Whiteside County, Illinois, but at the time of this occurrence, he was acting under the color of law as both an official actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as an actor *and* as a private citizen. He is sued both in his official and individual capacity.

68. *Defendant Kathleen T. Zellner*, is an attorney employed by Kathleen T. Zellner and Associates, but at the time of this occurrence, she was acting under the color of law as

both an official actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as an actor *and* as a private citizen. She is sued both in her official and individual capacity.

69. *Defendant Lee*, is an attorney for Randy Conklin employed by private practice, but at the time of this occurrence, he was acting under the color of law as both an official actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as an actor *and* as a private citizen. He is sued both in his official and individual capacity.

70. *Defendant Thompson*, is a Dixon attorney employed by private practice, but at the time of this occurrence, he was acting under the color of law as both an official actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as an actor *and* as a private citizen. He is sued both in his official and individual capacity.

71. *Defendant C.E.O. Paul Steinke*, is a C.G.H. Medical Center employee employed by C.G.H. Medical Center, but at the time of this occurrence, he was acting under the color of law as both an official actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as an actor *and* as a private citizen. He is sued both in his official and individual capacity.

72. *Defendant Karingada*, is a C.G.H. Medical Center employee employed by C.G.H. Medical Center, but at the time of this occurrence, he was acting under the color of law as both an official actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as an actor *and* as a private citizen. He is sued both in his official and individual capacity.

73. *Defendant Female with glasses, blonde hair*, is a C.G.H. Medical Center employee employed by C.G.H. Medical Center, but at the time of this occurrence, she was acting under the color of law as both an official actor and in her individual capacity. She engaged

in the conduct complained of while in the course and scope of her employment, and acting under the color of law as an actor *and* as a private citizen. She is sued both in her official and individual capacity.

74. *Defendants Unknown(s)*, are C.G.H. Medical Center employees employed by C.G.H. Medical Center, but at the time of this occurrence, they were acting under the color of law as both official actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as actors *and* as private citizens. They are sued both in their official and individual capacities.

75. *Defendants Unknown Sinissippi Centers staff*, are Sinissippi Centers employees employed by Sinissippi Centers, but at the time of this occurrence, they were acting under the color of law as both official actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as actors *and* as private citizens. They are sued both in their official and individual capacities.

76. *Defendant Dr. Matthew Finn*, is employed by an unknown entity, but at the time of this occurrence, he was acting under the color of law as both an official actor and in his individual capacity. He engaged in the conduct complained of and acting under the color of law as an actor *and* as a private citizen. He is sued both in his official and individual capacity.

77. *Defendant Eric Sorensen*, is an Illinois State Representative employed by the State of Illinois, but at the time of this occurrence, he was acting under the color of law as both an official state actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a state actor *and* as a private citizen. He is sued both in his official and individual capacity.

78. *Defendant Darin LaHood*, is an Illinois State Representative employed by the State of Illinois, but at the time of this occurrence, he was acting under the color of law as both an official state actor and in his individual capacity. He engaged in the conduct complained of

while in the course and scope of his employment, and acting under the color of law as a state actor *and* as a private citizen. He is sued both in his official and individual capacity.

79. *Defendant Mike Quigley*, is an Illinois State Representative employed by the State of Illinois, but at the time of this occurrence, he was acting under the color of law as both an official state actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a state actor *and* as a private citizen. He is sued both in his official and individual capacity.

80. *Defendant JB Pritzker*, is the Illinois Governor employed by the State of Illinois, but at the time of this occurrence, he was acting under the color of law as both an official state actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a state actor *and* as a private citizen. He is sued both in his official and individual capacity.

81. *Defendant Alexi Giannoulias*, is the Illinois Secretary of State employed by the State of Illinois, but at the time of this occurrence, he was acting under the color of law as both an official state actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a state actor *and* as a private citizen. He is sued both in his official and individual capacity.

82. *Defendants Unknown(s)*, are Illinois Secretary of State Office employees employed by the State of Illinois, but at the time of this occurrence, they were acting under the color of law as both official state actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as state actors *and* as private citizens. They are sued both in their official and individual capacities.

83. *Defendant Donald J. Trump*, is a private person and former President of the United States, but at the time of this occurrence, he was acting under the color of law as both an official federal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a

federal actor *and* as a private citizen. He is sued both in his official and individual capacity.

84. *Defendant Daniel Scavino Jr.*, is a White House staff member employed by the Federal Government, but at the time of this occurrence, he was acting under the color of law as both an official federal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a federal actor *and* as a private citizen. He is sued both in his official and individual capacity.

85. *Defendant Susie Wiles*, is the Chief of White House Staff employed by the Federal Government, but at the time of this occurrence, she was acting under the color of law as both an official federal actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a federal actor *and* as a private citizen. She is sued both in her official and individual capacity.

86. *Defendant Ivanka Trump*, is a private person previously involved in White House activities, but at the time of this occurrence, she was acting under the color of law as both an official federal actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a federal actor *and* as a private citizen. She is sued both in her official and individual capacity.

87. *Defendants Unknown(s)*, are White House staff members employed by the Federal Government, but at the time of this occurrence, they were acting under the color of law as both official federal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as federal actors *and* as private citizens. They are sued both in their official and individual capacities.

88. *Defendants Unknown Political enemy*, are White House staff/attorney(s) employed by the Federal Government, but at the time of this occurrence, they were acting under the

color of law as both official federal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as federal actors *and* as private citizens. They are sued both in their official and individual capacities.

89. *Defendant Alina Habba*, is a Trump Attorney employed by private practice, but at the time of this occurrence, she was acting under the color of law as both an official actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as an actor *and* as a private citizen. She is sued both in her official and individual capacity.

90. *Defendant Lara Trump*, is a private person previously involved with Fox News and the Republican Party, but at the time of this occurrence, she was acting under the color of law as both an official actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as an actor *and* as a private citizen. She is sued both in her official and individual capacity.

Note that the "acting under color of law" designation typically applies to government officials or those with authority, so it's unclear if it applies to Donald J. Trump or others on this list in their private capacities.

91. *Defendants Unknown(s)*, are Fox News employees employed by Fox News, but at the time of this occurrence, they were acting under the color of law as both official actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as actors *and* as private citizens. They are sued both in their official and individual capacities.

92. *Defendant Speaker Mike Johnson*, is a Republican Party member employed by the U.S. House of Representatives, but at the time of this occurrence, he was acting under the color of law as both an official state actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under

the color of law as a state actor *and* as a private citizen. He is sued both in his official and individual capacity.

93. *Defendant Vice President JD Vance*, is a Republican Party member employed by the U.S. Government, but at the time of this occurrence, he was acting under the color of law as both an official federal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a federal actor *and* as a private citizen. He is sued both in his official and individual capacity.

94. *Defendant Harvey Levin*, is a Republican Party member and TMZ employee employed by TMZ, but at the time of this occurrence, he was acting under the color of law as both an official actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as an actor *and* as a private citizen. He is sued both in his official and individual capacity.

95. *Defendant George Stephanopoulos*, is a Democratic Party member and ABC News employee employed by ABC News, but at the time of this occurrence, he was acting under the color of law as both an official actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as an actor *and* as a private citizen. He is sued both in his official and individual capacity.

96. *Defendant Robin Roberts*, is a Democratic Party member and ABC News employee employed by ABC News, but at the time of this occurrence, she was acting under the color of law as both an official actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as an actor *and* as a private citizen. She is sued both in her official and individual capacity.

97. *Defendants Unknown(s)*, are Democratic Party members and ABC News employees employed by ABC News, but at the time of this occurrence, they were acting under the color of law as both official actors and in their individual capacities. They engaged in the

conduct complained of while in the course and scope of their employment, and acting under the color of law as actors *and* as private citizens. They are sued both in their official and individual capacities.

98. *Defendant Tree-Paine*, is Taylor Swift's publicist employed by private practice, but at the time of this occurrence, she was acting under the color of law as both an official actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as an actor *and* as a private citizen. She is sued both in her official and individual capacity.

99. *Defendant Taylor Swift*, is employed by Universal Music Publishing Group / Republic Records, but at the time of this occurrence, she was acting under the color of law as both an official actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as an actor *and* as a private citizen. She is sued both in her official and individual capacity.

100. *Defendant C.E.O. Jody Gerson*, is employed by Universal Music Publishing Group / Republic Records, but at the time of this occurrence, he was acting under the color of law as both an official actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as an actor *and* as a private citizen. He is sued both in his official and individual capacity.

101. *Defendant Sir Lucian Grainge*, is employed by Universal Music Publishing Group / Republic Records, but at the time of this occurrence, he was acting under the color of law as both an official actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as an actor *and* as a private citizen. He is sued both in his official and individual capacity.

102. *Defendants Unknown(s)*, are Rockford District Court Judges employed by Rockford District Court, but at the time of this occurrence, they were acting under the color of law as both official actors and in their individual capacities. They engaged in the conduct

complained of while in the course and scope of their employment, and acting under the color of law as actors *and* as private citizens. They are sued both in their official and individual capacities.

103. *Defendants Unknown(s)*, are Rockford District Clerk's Office employees employed by Rockford District Court, but at the time of this occurrence, they were acting under the color of law as both official actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as actors *and* as private citizens. They are sued both in their official and individual capacities.

104. *Defendants Unknown(s)*, are Rockford District Attorney's Office employees employed by Rockford District Attorney's Office, but at the time of this occurrence, they were acting under the color of law as both official actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as actors *and* as private citizens. They are sued both in their official and individual capacities.

105. *Defendant Pam Bondi*, is a Department of Justice employee employed by the U.S. Government, but at the time of this occurrence, she was acting under the color of law as both an official federal actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a federal actor *and* as a private citizen. She is sued both in her official and individual capacity.

106. *Defendants Unknown(s)*, are Department of Justice employees employed by the U.S. Government, but at the time of this occurrence, they were acting under the color of law as both official federal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as federal actors *and* as private citizens. They are sued both in their official and individual capacities.

107. *Defendant Kristi Noem*, is a Department of Homeland Security employee employed by the U.S. Government, but at the time of this occurrence, she was acting under the color of law as both an official federal actor and in her individual capacity. She engaged in the conduct complained of while in the course and scope of her employment, and acting under the color of law as a federal actor *and* as a private citizen. She is sued both in her official and individual capacity.

108. *Defendants Unknown(s)*, are Department of Homeland Security employees employed by the U.S. Government, but at the time of this occurrence, they were acting under the color of law as both official federal actors and in their individual capacities. They engaged in the conduct complained of while in the course and scope of their employment, and acting under the color of law as federal actors *and* as private citizens. They are sued both in their official and individual capacities.

109. *Defendant Akash Patel*, is the Director of the Federal Bureau of Investigation employed by the FBI, but at the time of this occurrence, he was acting under the color of law as both an official federal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a federal actor *and* as a private citizen. He is sued both in his official and individual capacity.

110. *Defendant Daniel Bongino*, is a Secret Service / Deputy Director of the Federal Bureau of Investigation employee employed by the Secret Service / FBI, but at the time of this occurrence, he was acting under the color of law as both an official federal actor and in his individual capacity. He engaged in the conduct complained of while in the course and scope of his employment, and acting under the color of law as a federal actor *and* as a private citizen. He is sued both in his official and individual capacity.

Here are the rewritten passages in a standard format:

111. *Defendants Unknown(s)*, Federal Bureau of Investigation employees, are sued in their official and individual capacities for actions taken under the color of law.

112. *Defendant Don Lemon*, a CNN employee, is sued in his official and individual capacities for actions taken under the color of law.

113. *Defendant Jake Tapper*, a CNN employee, is sued in his official and individual capacities for actions taken under the color of law.

114. *Defendants Unknown(s)*, CNN employees, are sued in their official and individual capacities for actions taken under the color of law.

115. *Defendant Travis Kelce*, is sued in his individual capacity.

116. *Defendants Unknown(s)*, Midland Bank staff, are sued in their official and individual capacities for actions taken under the color of law.

117. *Defendant Mark Zuckerberg*, is sued in his official and individual capacities.

118. *Defendant Landlord Kapp*, is sued in their official and individual capacities.

119. *Defendant Dr. Shema*, employed at University of Chicago Medicine Ingalls Memorial, is sued in their official and individual capacities.

120. *Defendant Social Worker Ryan*, employed at University of Chicago Medicine Ingalls Memorial, is sued in their official and individual capacities.

121. *Defendants Unknown(s)*, employed at University of Chicago Medicine Ingalls Memorial, are sued in their official and individual capacities for actions taken under the color of law.

Entities

122. Third Judicial Appellate Court

123. Third Judicial Appellate Circuit Clerk's Office

124. Whiteside County Circuit Court

125. Whiteside Circuit Clerk's Office

126. State's Attorney's Office (Whiteside County)

127. State's Attorney's Office (Lee County)

128. Public Defender's Office (Whiteside County)

129. Whiteside County Sheriff's Office

130. Rock Falls Police Department

131. City of Rock Falls IL

132. City of Sterling - City Hall

133. Sterling Police Department

134. Willett Hofmann & Associates, an engineering, architectural, and land surveying firm based in Illinois.

135. Illinois Attorney General's Office

136. Illinois State Police

137. Illinois Governor's Office

138. Office of the Illinois Secretary of State

139. Planet Fitness

140. Kathleen T. Zellner and Associates (law firm)

141. Mertes and Mertes (law firm)

142. Pignattelli and Associates (law firm)

143. C.G.H. Medical Center

144. Sinissippi Centers

145. National Republican Party

146. National Democratic Party

147. Illinois Republican Party

148. Illinois Democratic Party

149. Fox News

150. TMZ

151. ABC Network

152. Good Morning America

153. CNN

154. Universal Music Publishing Group

155. Rockford District Attorney's Office

156. Taylor Swift

157. United States Secret Service

158. FBI – Federal Bureau of Investigation

159. Midland Bank

160. Facebook / Meta

161. University of Chicago Medicine Ingalls Memorial

162. U.S. Constitution (First, Fourth, Fourteenth Amendments referenced)

3. Factual Background

https://www.facebook.com/share/p/1RENE81W94/

163.

.....The following facts are presented in Plaintiff's Complaint or in "linked" documents that, although not attached to the complaint, are integral to it. See Holowecki v. Fed. Express Corp., 440 F.3d 558, 565-66 (2d Cir. 2006), aff'd, 552 U.S. ___, 128 S.Ct. 1147, ___ L.Ed.2d ___(2008) 😊😎😊

*This link will take you to Plaintiff's Facebook page, where you can access all other links*

https://www.facebook.com/share/p/1APub29vUE/

164.

Plaintiff, Jason James Ukena, is currently a homeless veteran, who is a private citizen initiating a Section 1983 Complaint, alleging state law claims as well, when liberally construed, in connection to a complex and comprehensive situation involving alleged constitutional rights violations, including deprivation of meaningful access to courts, retaliation for 1st Amendment activities, and a public smear campaign affecting interstate commerce, causing psychological harm, under Leiser v. Kloth, 933 F.3d 696, 703 (7th Cir.2019)

https://www.facebook.com/share/v/1RQJGsSYEQ/

165

All Defendants are listed in their individual capacity, unless stated otherwise throughout this Complaint, which is likely to be amended to add private citizens' names after discovered through the discovery process, with appointed counsel, since private citizens can be liable under Section 1983

https://www.facebook.com/share/p/1Ac7CW4a6L/

166.

*Summary Introduction:*

https://www.facebook.com/share/v/1FzANcqz5X/

167.

Since knowledge is presumed by all,


- Allegations include:

168.

Warrant less Surveillance?

https://www.facebook.com/share/p/17LYv8JJuz/

169. As Discovery will establish, during different published dates on Plaintiff's Facebook page, Defendants have conspired and reached a meeting of the minds, in furtherance of a public smear campaign affecting interstate commerce, under R.I.C.O., and in furtherance of a conspiracy to deprive constitutional rights

https://www.facebook.com/share/v/1BhkWP2ygs/

https://www.facebook.com/share/p/16LX87LrAU/

170.

Defendants Illinois Attorney General Kwame Raoul, in both his individual and official capacity and Defendant J.B. Pritzker and other Defendants within the Illinois Attorney General's Office, as well as members from the Defendant Illinois State Police, have all reached a meeting of the minds, in a conspiracy to deprive constitutional rights with Defendant Pam Bondi, in both her individual and official capacity and other Defendants within the United States Department of Justice, by engaging in witness tampering and engaging in official misconduct, as related to Plaintiff, Defendant Taylor Swift, Roberta Kaplan and Defendant Donald J Trump et al, and the 2024 election, with a failure to intervene under the 14th Amendment, due partly to an official cover up, due to political affiliation, from both the Democratic Party and those from the Republican Party known as the "M.A.G.A. Enterprise" in this Complaint

*Donald J. Trump Jr. and his role as the Meme General is the link needed to establishing liability against the "M.A.G.A." enterprise*

171.

Discovery will either tend to prove or disprove, as part of the public smear campaign on Facebook, the issue on whether Defendants President Donald Trump et al and Defendant Pam Bondi et al use press releases and stall tactics in an effort to discredit Plaintiff, while coordinating communication with either Defendants Harvey Levin TMZ, Defendant Fox News, Defendant Lara Trump or Defendant Good Morning America "Parent Company(s)" or their attorneys and as part of an effort of witness tampering

172.

The one interview by Lara Trump on female Defendant White House Chief of Staff, is part of the public smear campaign involving Defendant Taylor Swift, along with President Donald Trump's words about Defendant Taylor Swift and Defendant Travis Kelce

173.

As Discovery will also establish, during the proceedings for Whiteside County, 23-cm-13 / 23-cm-22, Defendant Kwame Raoul et al recieved a Complaint from Plaintiff, and then responded by suggesting no action would be taken, but would monitor any police incident reports file

174.

This response from Defendant Kwame Raoul et al was filed in both 23-cm-13 / 23-cm-22, and used as a green light in this conspiracy and smear campaign by other state actor

175.

Defendants mentioned throughout this Complaint, like each the Defendant City of Dixon / Defendant Dixon, Illinois Police Department et al, the Defendant Rock Falls IL / Defendants from R.F.P.D. et al and the City of Sterling / Defendants from S.P.D. et al., and the Defendant City Attorneys for Defendant City of Dixon and Defendant City of Sterling

176.

Besides these incidents,

https://www.facebook.com/share/v/1CrBmLhKJN/

https://www.facebook.com/share/v/1BZJsQJ2Sm/

https://www.facebook.com/share/v/1PJLVXbG2/

https://www.facebook.com/share/v/17SN8NMrd/

https://www.facebook.com/share/v/17WvJ29FM5/

177.

Defendants mentioned above also have conspired with Defendant Wal-Mart and unknown Wal-Mart Defendants in both the City of Dixon and City of Sterling, which also has been utilizing stalking and/or harassing conduct towards Plaintiff, in furtherance of the public smear campaign

https://www.facebook.com/share/p/1A2K3CY76i/

*even recent trips where one 30° degree sleeping bag was finally placed on the shelves*

https://www.facebook.com/share/v/17egkYZNJb/

https://www.facebook.com/share/v/1T95iw5dRr/

https://www.facebook.com/share/v/1Aw38FLtqP/

https://www.facebook.com/share/v/17THw2NALi/

https://www.facebook.com/share/r/16WHv1b1Sn/

https://www.facebook.com/share/v/1D9HiPFgoT/

178.
    As Discovery will establish, a Complaint was mailed from East Moline Correctional Center to Defendant S.P.D. Chief of Police, and then in furtherance of a conspiracy to deprive constitutional rights, what actions were taken

179.
    Defendant Illinois Secretary of State and his role in advancing a public smear campaign

https://www.facebook.com/share/p/17esgauBar/

https://www.facebook.com/share/v/1FQYYxeu9E/

https://www.facebook.com/share/p/1D7e8MQjLN/

https://www.facebook.com/share/p/1CggznZE9X/

180.
    Each has engaged in the alleged fabricated story from an official cover up, to the inadequate and deficient performance of the Defendants from the Civil Rights Division, after Plaintiff's mailing(s) while in I.D.O.C. custody, and how "they" passed Plaintiff's file

around to Defendant Kristi Noem, in her official capacity, and the Defendant NSA - National Security Agency, since discovery will tend to prove or disprove that Defendant Noem and Defendant N.S.A. were actively involved in the official cover up, after noticing, along with how as Defendants they may be liable like both Defendant Akash Patel and Defenant Daniel Bongino from the Defendant F.B.I., for their roles in a conspiracy to deprive constitutional rights under Section 1983, like creating a harm of danger or State Created Danger Claim that otherwise would exist, by engaging in a public smear campaign and a conspiracy to commit murder by Defendant Pam Bondi and the United States Department of Justice for Defendant President Donald J. Trump, his Defendant Chief of Staff, Defendant Daniel Scavino Jr. and other Defendant staff from the White House / Defendant Secret Service et al ⚖

*With access to Plaintiff's financial history, and utilizing informants as agents, why did "they" wait until after Plaintiff deposited ten thousand dollars, into his bank account to purchase a home, to close out his account knowing his I.D. expired and being unable to open another bank account without first obtaining a valid I.D.*

*same reasoning behind why doxing I.C.E. is a crime? Just think Defendant Patel / Defendant Bongino & Operation Summer Heat and state of minds being induced on both side???*

181.
With a pre-meditated mindset of making it the jurisdiction of the FBI – Federal Bureau of Investigation - FBI Springfield - if Plaintiff is robbed 😊

182.
  - Unlawful arrest(s) and wrongful imprisonment by Defendant Rock Falls Police Officer Thatcher with Defendant Sterling S.P.D. officers, including impersonation of Illinois State Police
183.
  - Involuntary commitment by Defendant Judge Kelly and Defendant State Attorney Terry Castello et al, and dismissal of case, hindering appeal process
184.
  - Retaliation for 1st Amendment activities, impacting music catalog and reputation
185.
  - Conspiracy involving city officials, police, and external entities (e.g., Taylor Swift, Universal Music Publishing Group)

https://www.facebook.com/share/v/16ZUwF2Gzu/

186. - Fraudulent concealment of material facts, perpetuating false narratives and damaging reputation

- Key issues:

187. - Deprivation of meaningful access to courts under 1st Amendment

188. - R.I.C.O. claims and Monnell liability for City of Sterling

189. - Potential liability for external entities (e.g., Taylor Swift, Universal Music Publishing Group) in smear campaign, under R.I.C.O. (See November 2023 Complaint and Injunctive Relief)

*R.I.C.O. and Meaningful Access to Courts:*

190. - R.I.C.O. (Racketeer Influenced and Corrupt Organizations Act) prohibits conspiracy to deprive constitutional rights

191. - Meaningful access to courts is a fundamental right under 1st Amendment

192. - Courts have recognized R.I.C.O. claims for deprivation of access to courts, particularly when involving retaliation or conspiracy [1][2]

193. *arbitrary 1st Amendment retaliation through a conspiracy involving restricting hashtags*

https://www.facebook.com/share/p/1BEb2wGE2/

194. *Acountability for Co-conspirators*

https://www.facebook.com/share/v/1AQ8RP8WQ1/

https://www.facebook.com/share/v/1FWQgY7T48/

195.

*Including Defendant Mark Zuckerberg and Defendant Meta Facebook for their respective roles in the conspiracy to deprive constitutional rights and 1st Amendment censorship*

https://www.facebook.com/share/p/19uEa94dau/

https://www.facebook.com/share/1BXVwkQoe9/

196.

Defendant Pam Bondi et al

https://www.facebook.com/share/p/17EXqL6nPs/

https://www.facebook.com/share/p/16eqV8YGQU/

*Potential Liability:*

197.

- Defendant City of Sterling may be liable under Monnell claim for inadequate training or policies contributing to constitutional rights violations and training officers to engage in harassing conduct

https://www.facebook.com/share/v/1F7Qgj6RFe/

https://www.facebook.com/share/v/1FSEuHYtCw/

198.

- External entities (e.g., Taylor Swift, Universal Music Publishing Group) may be liable for fraudulent concealment and participation in smear campaign

199.
Please note that this is a complex case,

https://www.facebook.com/share/p/1AXgtBZrvV/

200.
Under a civil R.I.C.O. claim(s) & Under Monnell claim(s)

https://www.facebook.com/share/v/17FjDcu77B/

201.
Can the Defendant City of Sterling be liable as a co-conspirator in a conspiracy to deprive constitutional rights, through impeding, frustrating and/or hindering one's ability to have meaningful access to the courts under the 1st Amendment, in Retaliation towards an individual's 1st Amendment activities, where as part of a public smear campaign, are effecting interstate commerce by devalue one's Music catalog

202.
Where the following happened in 23-cm-13 and 23-cm-22

https://www.facebook.com/share/p/1SE7jcRLjh/

203.
After an off duty Defendant Rock Falls Police Officer Thatcher, personated Illinois State Police,

https://www.facebook.com/share/p/1AaUiQ4ga9/

Defendant Officer Female Russell was involved in the unlawful arrest, 23-cm-13, where Plaintiff then was going through the criminal proceedings - deemed unfit by an oral motion with no supporting evidence - in furtherance of the conspiracy to deprive constitutional rights secured under the U.S. Constitution as part of the public smear campaign by 1st Amendment retaliation and attempting to surpress one's voice during an election season,

in efforts for Defendant Judge Kelly and Defendant State Attorney Terry Castello getting re-ellected,

https://www.facebook.com/share/v/16M5FUtoaz/

and then after being wrongfully imprisoned under state law and held longer than allowed by state law - the state moved to Dismiss - as part of the conspiracy, after going throught the steps to have one involuntarily committed - even though the accused appealed, and the Appellate Court later chose not to review the case since it was dismissed

204. *despite the public record for 23-cm-13 and 23-cm-22, a closer inspection reveals court filings informed Defendant Judge Kelly she could be liable for damages, due to lacking jurisdiction*

205. Since at least two 3rd Judicial District Appellate Court have potential conflicts of interests,

https://www.facebook.com/share/p/1BiihNQ3nG/

Plaintiff wasn't allowed to exhaust state court remedies through a direct appeal, even though a notice to appeal was filed, a violation of access to the courts under the 1st Amendment occurred (See attachments)

206. Since the case was inadequately reviewed under both Federal and State laws

If one now faces the same underlying offense,

Under a monnell claim, liability attaches for involving the application and/or training in relation to selective police powers and how the defendant city police officers effect

criminal tresspassing arrests - despite the open to the general public exception - and other conduct ment to cause psychological harm, exerbate mental health and otherwise harass and individual through a public smear campaign of...

https://www.facebook.com/share/p/1Ch6n7SWNN/

https://www.facebook.com/share/p/1BbGb9cb7G/

https://www.facebook.com/share/v/165gmMQ3F8/

207.
Stalking / Harassing Conduct

https://www.facebook.com/share/r/1Bhxqy3Wf9/

while wilfully and wantonly depriving Plaintiff and other homeless of adequate access to essential public services, under the 8th Amendment, and Equal Protection Clause of the 14 Amendment, with intentions of also harassing Plaintiff to cause psychological harm?

https://www.facebook.com/share/v/1J9e4NHcv2/

208.
See Reaction to Defendant President Trump's request for money from the Defendant D.O.J. ( September Wright?)

https://www.facebook.com/share/p/1DgyVuBmYP/

209.
If the state initiated the same proceedings as before, now 25-cm-225, from difficient training

https://judici.com/courts/cases/case_information.jsp?court=IL098015J&ocl=IL098015J,20
25CM225,IL098015JL2025CM225D1&fbclid=IwVERDUANslmhleHRuA2FlbQIxMAABHrhKB
yof0ogkBwfyXLAdp-A2K-PjjpP1hPxLhM6fXjvUTBZonPpG-
UqAmNo_aem_LiDhQgq_QuWN5knQuiM1xA

while relying on recklessly false statement(s) for probable cause for the offense of...

https://www.facebook.com/share/v/14KRwb1b3mq/

Criminal tresspassing - at Defendant Planet Fitness,

https://www.instagram.com/reel/DO7hWYqDUNm/?igsh=N2R6bXM3aThjdXNm

   Despite being open to the general public

and Plaintiff being a member of Planet Fitness,

   Is the criminal tresspassing arrest - part of a common practice, from a failure of
adequately training the officers to adhere to non-discriminating practices of selective
police powers to deprive Plaintiff and other similar individuals from Equal Protection under
the 14th Amendment?

https://www.facebook.com/share/r/1EM6W79gug/

210.
   Where the Defendant manager at Defendant Planet Fitness is the mother of Defendant
female officer Russell

211. Previously Defendant Officer Russell also walked off on Defendant S.P.D. Chief of Police "Chavera", official capacity only *video sent to D.O.J.*

212. *air-rifle "Ghost Gun" #ManchurianCandidate entrapment?* ( Cowboy Steve part of Dixon River front and de-banking scheme too)

https://www.facebook.com/share/v/1BuRsjGYrF/

213. With other *harassing conduct* ment to cause psychological harm

https://www.facebook.com/share/v/1B7rVL758v/

214. Defendant Female Russell also made a statement for the security cameras at Defenant Planet Fitness, on or about January 1st, 2025, regarding how the Rock Falls Police Officers feel about the accused, to give Plaintiff a false sense of security of Grand Jury proceedings?

215. Also... (started) " Sting operation, misrepresenting facts, with Defendant Happ, where turning off hot water, alleging pipe froze, in furtherance of scheme, (approached at Angelos 2 by Kapp, where Kapp later mentioned assisting in a "sting")

216. After enoxaparin was used during sedation, on May 6th, by a guard who is now employed as a Rock Falls Police Officer, ??? Defendant Officer Diaz et al

And as part of the smear campaign,

Rather than filing Police reports, and while engaging in witness tampering and official misconduct

https://www.facebook.com/share/r/1BDutEdT8C/

The Rock Falls Police Officers acted as co-conspirators with city alderman Defendant Brian Snow, in their roles in the smear campaign

https://www.facebook.com/share/p/1D2phzQh7e/

https://www.facebook.com/share/p/1MyqooL1Z4/

https://www.facebook.com/share/p/17VJZCtmaS/

https://www.facebook.com/share/p/1DMVEEq6Xo/

https://www.facebook.com/share/p/1BWHJztsAW/

217.

As Discovery will Establish

Back in 10-CF-175

The Defendant C.E.O. of Defendant C.G.H was subpoenaed to testify, on November 5th, 2010, and others,

But as part of a conspiracy to deprive constitutional rights, (Remember, Remember the 5th of November. Playing with dates?)

https://www.facebook.com/share/p/17Wnks6r9E/

The accused wasn't writted to court, and the material witnesses weren't re-subpoenaed and/or called for the November 12th, 2010 bench trial, (motive beside incentive?)

Part 2 of 3

218.
Then after Defendant Judge Steines unlawful administrative act,

On January 21st, 2020, the Accused Plaintiff, filed an Access to the Court Complaint, after the door was closed to 09-CF-327 (similar conduct in 23-CM-13 and 23-CM-22?)

https://www.facebook.com/share/p/1H7yeyYbHj/

219.
Then Defendant Attorney Lou Pignatelli, who represents Defendant Judge Steines, Dustin Funderberg and others et al, activily engaged behind close doors, in furtherance of the public smear campaign, with at least two dates on Facebook in furtherance of the conspiracy (if you stalk or harass a person, one doesn't get upset?)
(Then you flip it, the one harassed is crazy?)

220.
By Defendant Taylor Swift and the press intentionally concealing material facts, by remaining silent, when a duty exists, whereby giving the local public the perception that the individual must be crazy by not acknowledging or accepting what Jason James says to be true??? (in furtherance of the Ricky Martin defense, through political affiliation)
(How did Taylor Swift learn, during Covid-19 lockdown, for international travel plans?)

https://www.facebook.com/share/v/17d3fhoTEh/

https://www.facebook.com/share/v/17HetXJTjr/

221.
Where Defendant Taylor Swift, as supervisor of her Taylor Swift Nation page, has frauded one by making fraudulent misrepresentations on her relationship status, after learning days before Taylor Swift released her Lover album on August 23rd, Plaintiff Jason James published, on August 21st, the piano melody Defendant Taylor Swift used on her April 18th, 2020 live performance of Soon You'll Get Better,

222.
Defendant Taylor Swift likely learned about the piano melody from Jay Frank, employed at Defendant Universal Music Publishing Group, and on Jason James friends' list since the Nashville flood in 2010

223.
Can individuals like Defendant Taylor Swift, Defendant Universal Music Publishing Group and others like Defendant Selena Gomez, Defendant Blake Lively, Defendant Harvey Levin / TMZ, Defendants Robin Roberts / George Stephanopoulos anf Defenant Good Morning America, or Dendants Lara Trump as Republican Chairman and Dendant Fox News be liable for fraudulently concealing material facts from the public domain, in efforts to devalue one's Music catalog and tarnish his name and image by remaining silent all the madness that's come from false 911 complaints and other inaccurate or inappropriate conduct that would publicly smear an individual to become civilly committed, based on recklessly false information

224.
Both Defendant Universal Music Publishing Group and the Defendant City of Sterling recieved notices, back in 2022, of the false information, along with other evidence-based material, and at times currently unknown, Defendant Sir Lucian Grainge and Defendant Jody Gerson conversed in furtherance of their scheme with other Defendants at U.M.G. and/or Defendant Taylor Swift

225.
January 21st, 2020, Plaintiff filed his Access to the Court Complaint


https://www.facebook.com/share/p/1Cd4vuUQwv/

226.
February of 2020 - no judge for court -


https://www.facebook.com/share/p/17TdaqUVqZ/


https://www.facebook.com/share/p/1EPLMLQhLq/


https://www.facebook.com/share/v/1FkWRX5v1d/

227.
February 2020 vacation - Defendant Secret Service's Agent Defendant Daniel Bongino - at two different restaurants, on back to back nights, second night Dan Tana's Restaurant

228.
April 23rd, 2020, Defendant Taylor Swift made her appearance

229.
April 24th 2020, Defendant Ivanka Trump deleted the post Plaintiff shared - *also May 27th* - and Mother's birthday (May 27th, 2010 and on May 27th with Kellen Vanaca) June 5th

https://www.facebook.com/share/p/17V1yG3nyy/

230.
"ringing in ears"     (Psycho dee)
April 30th, 2020, vet appeal issued, Defendant President Donald Trump and learning of piano melody

231.
May 6th, 2020  National Security and President Trump ommitted for police report, in furtherance of the Ricky Martin defense.

https://www.facebook.com/share/p/19Yi7Tyejy/

232.
Enoxaparin was used when sedated (anger in guard's eyes)

https://www.facebook.com/share/p/1DF6sduzYa/

233.
Video evidence from Unknown Defendants at Defendant C.G.H., May 10th, 2020

https://www.facebook.com/share/v/1FC28PKZ6x/

234.
This Defendant guard is the ex of the female before Taylor Swift who then became a Defendant Officer for Defendant R.F.P.D. :(

https://www.facebook.com/share/p/19hLucjbBf/

235. Staff at Hines Jr. V.A.asked about enoxaparin - attempted murder, while keeping the C.G.H. folder covered in shit 😕

https://www.facebook.com/share/p/1JZY6LJiRa/

236. Evidence that relates back to Defendant C.E.O. of Defendant C.G.H. who was subpoenaed in 10-CF-175

https://www.facebook.com/share/v/1ABYqC9rHC/

237. March 11th, 2022, Filed with the Defendant City of Sterling and mailed to Defendant Universal Music Publishing Group

https://www.facebook.com/share/v/17PFZzkYSh/

238. Circumstances related to 23-cm-13 unlawful arrest

https://www.facebook.com/share/p/17Smer1xJp/

239. 2023 Federal Rockford Court filing, with filing fee attached. (you took my money and did what even though Injuctive Relief was filed?)

https://www.facebook.com/share/p/19w8HW8maU/

240. (This Facebook link will provide more background information)

https://www.facebook.com/share/p/1EDSvCvPhV/

241.
This link provides what happened in 23-cm-13, and how the public record is being used as part of a public smear campaign

https://www.facebook.com/share/p/1G6XsAu4aj/

https://www.facebook.com/share/p/17GDsoLmaR/

242.
If you get to this link,

https://www.facebook.com/share/p/1BERsnJB6E/

It will provide you with most of the relevant information needed for assessing claims advanced in this Complaint

243.
Defendant Judge Trish's involvement as a former prosecutor and afterwards - *2012 letter from Judge Trish in response to Plaintiff wanting to recruit counsel and also Judge Trish withdrawing a motion alleging Ineffective Assistance of Councel from unfit Randy Radosh* -

https://www.facebook.com/share/p/1H7yeyYbHj/

https://www.facebook.com/share/p/1BUS2c7cs6/

244.
November of 2024 - Defendant Vice President Kamala Harris Archived name mention wall, official capacity only

https://www.facebook.com/share/p/1H8A8FHKqJ/

245. September 16th, 2025, Defendants from City of Dixon et al and Defendant City of Sterling et al , through political affiliation and Defendant City Attorneys et al

https://www.facebook.com/share/p/177M4L8553/

https://www.facebook.com/share/p/1A1UZUy5Qo/

246. September 22nd, 2025 Video prior to arrest

https://www.facebook.com/share/v/1MqKLLcKTw/

247. October 6, 2025

https://www.facebook.com/share/p/17KpE6mRZi/

248. Defendant Male Officer Russell

https://www.facebook.com/share/r/1DRQK7WEBP/

249 - E-bike - tampering - also Meade's Bike Shop dates on Facebook - intentional over-inflating tire to cause an accident - and incident with owner afterwards, political affiliation

https://www.facebook.com/share/p/1HD9toRSR5/

https://www.facebook.com/share/p/1AJj5GFtL2/

250.

Conflict of interests by possible Defendant

https://www.facebook.com/share/p/1EeZt7WjUk/

251.

Private citizen liability as co-conspirators

https://www.facebook.com/share/r/19s74XWWBZ/

252.

Public smear campaign - press releases and when posts are specifically placed in Plaintiff's Facebook newfeed, the Buckley v. Fitzsimmons shield for prosecutors being utilized to advance the public smear campaign, and *using and manipulating Meta Ai responses in the Conversations as part of scheme?*

https://www.facebook.com/share/p/1A3qajFxub/

253.

October 28th, 2025, after starting this Complaint?

https://m.facebook.com/story.php?story_fbid=10162077066667648&id=733152647&mibextid=Nif5oz

254.

Super Bowl performance and how the Defendants are playing off of Plaintiff's Facebook page and music

https://www.facebook.com/share/p/17fmo4FLLS/

https://www.facebook.com/share/p/1YqkFarjoY/

https://www.facebook.com/share/v/19CqUZaLYK/

https://www.facebook.com/share/p/1AK9Wbcd9y/

https://www.facebook.com/share/p/1JfoapA7uX/

https://www.facebook.com/share/p/17bU4QDjsb/

255. Establishing any bias, incentives and/or motives to frame Plaintiff in a public smear campaign that's affecting interstate commerce

https://www.facebook.com/share/p/14N2KYeemFs/

https://www.facebook.com/share/p/1Cc27eDEjj/

https://www.facebook.com/share/p/1DG7oXbnkM/

with part of Defendant Daniel Scavino Jr.'s role, involving "cards"

https://www.facebook.com/share/p/17L9qnjiMQ/

https://www.facebook.com/share/p/1BtTZW8NT9/

Trial Evidence

256.
As supported by video evidence

There was a Complete Reckless disregard for the truth by law enforcement for Defendant City of Sterling - City Hall et al when making the arrest(s) ☺ (ignoring link evidence?)

257.
The one Defendant manager "Russell" at Defendant Planet Fitness is the mother of a former Defendant female S.P.D. officer Russell and mother of the male Defendant Illinois State Police Officer Russell and conspired as part of the public domain smear campaign

258. Recently, as of initial court filing, (Wal-Mart receipt on Facebook)

Defendant Female officer Russell spoke to Plaintiff at Wal-Mart, city of Sterling, IL

259. As supported by security cameras, just like January 1st, 2025,

She asked Plaintiff if a manager had anything to do with the police getting called

260.
It's Plaintiff's belief she asked Plaintiff in this manner to have video evidence creating reasonable doubt to her mother's involvement

261.
But she also mentioned talking to her brother about Plaintiff, so what else has been mentioned either on or off duty, and with whom else

262.
Plaintiff doesnt think it worked the way she had hoped

263.
Also as supported by Plaintiff's video evidence

The female officer mentioned that something transpired the night before they were called, *part of an ongoing public smear campaign*

264.
There was an incident at Planet Fitness

But as supported by the security cameras at Planet Fitness

What did Plaintiff do prior...

There was a couple by the locker rooms too 😶

265.
Also Dolph, a former gym teacher in the city of Dixon is a material witness too

266.
Prior to that

Earlier in the day at Planet Fitness the Defendant dude with the red Tasmanian roadster,

he's was at Planet Fitness and scheming with whom, (trying to conceal from 25-CM-2250)

he's also the one who ran for State Attorney of Whiteside County but lost to Judge Trish 👮
😕?

267.
As Discovery will establish,

Video evidence from Defendant Planet Fitness, from October / November 2024 til arrest will establish patterns of stalking / harassing conduct towards Plaintiff

268.
There's also an Illinois State Police Officer using the security cameras from Angelo's 2 and 3 ☹, as part of a "string" operation, misrepresenting facts?

269.
This might not make sense, but due to the overwhelming circumstantial evidence, and not having counsel, its difficult articulating a brief concise explanation of relevant background information for this Complaint

270.
Back on August 21st, 2019, Plaintiff published a Nashville piano melody that was used by Taylor Swift

the vice president of U.M.G. was on Plaintiff's friend's list, but died in October of 2019, access point,

271.
As a victim of a public smear campaign,

https://www.facebook.com/share/p/1NTeb33rUM/

where judici.com has been used as a means to facilitate the smear campaign

https://www.facebook.com/share/p/1FRC9nYjxE/

Plaintiff believes this complex case warrants appointment of experienced counsel, since Plaintiff has already contacted enough attorneys under Setion 1915(e)

*Background Information*

272.

Based on known evidence, *(Please search the Ditzy Chicks on Spotify)* *(a full concert, with copyright protection)* *(I've read the Caffey case)* *(★★★)*

https://www.facebook.com/share/v/16tef4q2on/

Plaintiff's music catalog is currently worth at least 2 to 5 million dollars, with several orginal songs worthy of hitting number 1 on the country charts

273.

Plaintiff has been impacted by [specific events or actions related to Taylor Swift, Good Morning America, President Donald Trump, etc.]. *(Over 200 Grammy Members?)*

https://www.facebook.com/share/r/17S1KrdnxW/

274.

As you'll later learn through Discovery

On Facebook Messenger

Defendant Mrs Jody Gerson, C.E.O of Universal Music Publishing Group, knew of one of Plaintiff's ideas that led to the reasoning for Morgan Wallen releasing 36 songs on his recent album,

275.

It would give a reasonable calculation of potential streams and money earned, once the Taylor Swift et al news went public by Defendant TMZ or other major news source

276.

Plaintiff already has enough original songs ready to compete with that number and then some, *only my estate of an administrator gets to spend my money, that I worked like a slave for?*

277.

   Despite Plaintiff's efforts to address these issues, Plaintiff had faced significant challenges.


https://www.facebook.com/share/p/1DBJbFxGvE/

278.

   Like being canceled out on Instagram after mentioning Victim Number 9 with GMA staff


https://www.facebook.com/share/p/1BSjkB9R3t/


And...


   George Stephanopoulos from G.M.A. switching his Facebook messenger settings, after informing him Plaintiff's landlord, who was communicating with law enforcement, died unexpectedly

279.

That was shortly after, Plaintiff uploaded the video getting 6 million plus views, 2024


https://www.facebook.com/share/p/1ChMUNpa4u/

280.

   Also back during the 2020 Covid 19 lock down Plaintiff's I.D. card expired and this information was known by law enforcement as they conspired with closing out Plaintiff's Defendant Midland bank, with Defendants employed at Midland Bank, when Plaintiff was attempting to buy a home, along with eviction scheme, legal document storage unit.


https://www.facebook.com/share/v/18sWc4pFBF/

Leaving Plaintiff with over 10 grand cash, since the Defendant manager informed Plaintiff the check was good for 4 years, and the teller informing Plaintiff the check is only good for 2 to 4 months

https://www.facebook.com/share/p/18qRXBMk5G/

*Known Evidence*

281.
There's also the December 1st, 2023 letter to Defendant Whiteside County Sheriff John Booker and his deliberate failure under Illinois state law, along with his Defendant staff during Confinement, not forwarding mail from Federal Court to Ingalls Memorial and causing emotional distress *see county jail grievances*

https://www.facebook.com/share/p/1aruTTxgNs/

https://www.facebook.com/share/v/17HhqVnomE/

https://www.facebook.com/share/p/19s7TLNmSL/

282.
Plaintiff also has evidence that supports his case, including the Roberta Kaplan evidence that was filed in their proceedings ?

https://www.facebook.com/share/p/17fuayrQud/

https://www.facebook.com/share/v/1CzgJAUWtA/

283.
What would you do if you worked with the State and knew Plaintiff made statement(s) on how Plaintiff would put his 1st million dollars earn in retainers for lawyers 😊

284.

This information contained in the link may benefit you and your opinion about known advancing technology and how reverse engineering may be used when developing a conspiracy by the U.S. Government

https://www.facebook.com/share/p/1KgFE4qgge/

4. Claims for Relief

- *Predicate Acts*: Identify specific predicate acts, such as witness tampering (18 U.S.C. § 1512) and obstruction of justice, that support your RICO claim.

- *Enterprise*: Define the enterprise involved, which could include government institutions, public officials, or individuals working together.

285.

Establishing A Common Practice Amoung Defendants With Circumstantial Evidence

- *People v. Bloyd (1987)*: Established the duty to instruct on circumstantial evidence when the prosecution substantially relies on it.

- *State v. Logan*: Held that the trial court must instruct jurors on the limitations of circumstantial evidence when requested by the defendant.

- *Holland v. United States*: Stated that there's no difference between circumstantial and direct evidence in terms of admissibility

*Key Principles:*

- _Consistency_: Circumstantial evidence must be consistent with each other and point conclusively to the defendant's guilt beyond a reasonable doubt.

- _No Reasonable Hypothesis of Innocence_: The evidence should be inconsistent with any reasonable hypothesis of innocence.

- _Cumulative Effect_: The probative force of a mass of evidence may be cumulative, making it unreasonable to expect the defendant to explain or contradict it

- *Pattern of Racketeering Activity*: Show a pattern of racketeering activity, typically involving at least two instances of criminal conduct within a ten-year period, 2026 to 2016, at least ☺

- *RICO (Racketeer Influenced and Corrupt Organizations)*: 18 U.S.C. § 1961-1968 (Federal Statute) is a federal law targeting racketeering activity, including predicate acts like unlawful restraint and extortion

- *Deprivation of Rights Under Color of Law*: 18 U.S.C. § 242 makes it a crime for someone acting under color of law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

Crimes that may involve backdoor communication through political affiliation include:

- *Bribery* (18 U.S.C. § 201): Offering or accepting bribes in exchange for influence or favorable treatment

- *Extortion* (18 U.S.C. § 1951): Using threats or coercion to obtain something of value

- *Conspiracy Against Constitutional Rights* (18 U.S.C. § 241): Conspiring to deprive someone of their constitutional rights

- *Official Misconduct* (720 ILCS 5/33-3): Abuse of power or position for personal gain

- *Intimidation* (720 ILCS 5/12-6): Threatening or intimidating someone to influence their actions

287.

These crimes may involve backdoor communication through political affiliation, such as:

- Using political connections to influence decisions or actions

- Trading favors or benefits for political support

- Threatening or intimidating opponents or critics

Count 1- Planet Fitness False Arrest Conspiracy -

288.

Plaintiff re-alleges the background information alleged previously, as set forth here

289.

- *Conspiracy*: If individuals are remaining silent due to agreements or intimidation, 720 ILCS 5/8-2 might apply.

- *Conspiracy*: 720 ILCS 5/8-2

(a) A person commits conspiracy when, with intent that an offense be committed, he or she agrees with another to the commission of that offense, and an overt act is taken by one of the parties to the agreement in furtherance of that agreement.

290.

As alleged...

(b) No person may be convicted of conspiracy to commit an offense unless an overt act in furtherance of that agreement is alleged and proved to have been committed by him or her or by a co-conspirator.

291.

Defendants acted overtly, in furtherance of a meeting of the minds...

(c) It is no defense to conspiracy that no person with whom the accused is alleged to have conspired is prosecuted or convicted, acquitted, or not amenable to justice.

292.

This implies Defendant Pam Bondi and the Defendants in the Department of Justice can be criminally liable for the prejudicial delays in prosecuting Judge Stanley B. Steines and other co-conspirators

293.

(d) A person convicted of conspiracy may be fined or imprisoned, or both, not to exceed the maximum provided for the offense which is the object of the conspiracy, except that if the object is an offense classified in a particular class, the person may be sentenced for a class 1 higher than the class of the object offense.

294.

- *Conspiracy Against Constitutional Rights*: 18 U.S.C. § 241 makes it a crime for two or more people to conspire to injure, threaten, or intimidate someone in the exercise of their constitutional rights.

For witness tampering, here are the statutes:

- *18 U.S.C. § 1512*: Tampering with a witness, victim, or informant (Federal)

- *18 U.S.C. § 1512*:

- (a)(1) Killing or attempting to kill a witness

245.

After the Access to the Court Complaint was filed on January 21st, 2020, May 6th, happened, where exanoprin was used during sedation, heart complications afterwards

- (a)(2) Using physical force or threat of physical force against a witness

296.

Then you have the State Attorney's Office, acting under the authority of Defendant Terry Costello, advancing an oral motion of being unfit to stand trial, with no supporting evidence, 23-cm-13 and 23-cm-22

- (b) Engaging in misleading conduct or corruptly persuading a witness

297.

Then there's one becoming unfit in 23-cm-13 and 23-cm-22, to protect the interests of the Defendant off duty Rock Falls Police Officer Thatcher, who personated Illinois State Police, prior to unlawful restraint, all captured on one's phone(s), January of 2023

- (c) Tampering with a witness's testimony or evidence

298.

On September 20th, 2023, Defendant Terry Costello himself, came to court just so he could intimidate one with confinement, in violation of the Intimidation statute, with hopes one would submit to at least meeting Dr. Matthew Finn, for an assessment and diagnosis (720 ILCS 5/12-6)

- *720 ILCS 5/32-4*: Tampering with a witness or informant (Illinois)

- *720 ILCS 5/32-4*:

- (a)(1) Offering or promising benefits to a witness to withhold testimony

299.

Defendant State Attorney Terry Costello, through his Defendant assistant attorney offered one a deal to plead guilty, with Heck doctrine in mind?

- (a)(2) Threatening or intimidating a witness to withhold testimony

300.

After mailing a Section 1983 Complaint in November of 2023, with filing fee, involving the false arrests in 23-cm-13 and 23-cm-22, through political affiliation, one was deemed unfit to stand trial, in efforts to protect the interests for all, but the political enemy, by advancing the Ricky Martin defense, with hopes of one being gone a year, rather than 6 months

- (b) Knowingly destroying or concealing evidence

301.

Besides,

The Section 1983 Complaint filed in November of 2023, going bye, bye, like the January 21st, 2020 Access to the Courts Complaint?

There's hopes of evidence-based material in one's storage unit one day going missing or trashed, like video evidence or orginal music catalog?

- *720 ILCS 5/32-4.1*: Tampering with a juror (Illinois)

- *720 ILCS 5/32-4.1*:

- (a) Tampering with a juror's decision-making process

302.

Defendants scheme prevented any jury trial, for the Fitness Hearing and/or criminal trial, 23-cm-13 and 23-cm-22

- (b) Communicating with a juror with intent to influence their decision

303.

N/A

- *Unlawful Restraint*: 720 ILCS 5/10-3 (Illinois Compiled Statutes) defines unlawful restraint as knowingly detaining another person without legal authority. Aggravated unlawful restraint is defined in 720 ILCS 5/10-3.1.

304,

Not only did Defendant John Thatcher unlawfully restrain one during the commission of another criminal offense, other Defendants, like Defendant Terry Costello, knowingly and intentionally, unlawfully restrained one, with official misconduct and political affiliation in mind, *Official Misconduct* (720 ILCS 5/33-3)

305.

Crimes that may involve backdoor communication through political affiliation include:

- *Conspiracy Against Constitutional Rights* (18 U.S.C. § 241): Conspiring to deprive someone of their constitutional rights

- *Official Misconduct* (720 ILCS 5/33-3): Abuse of power or position for personal gain

- *Intimidation* (720 ILCS 5/12-6): Threatening or intimidating someone to influence their actions

306.

- *Under Color of Law*: 18 U.S.C. § 242 (Federal Statute) makes it a crime for someone acting under color of law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

*Official Misconduct:*

Official misconduct is defined in 720 ILCS 5/33-3, which includes acts such as:

- _Bribery_: Accepting or offering bribes

307.

I do for you, you do for me, as an impled agreement or meeting of the minds?

- _Abuse of power_: Using official position for personal gain

308.

Defendant State Attorney Terry Costello's conduct implies the guilt of crimes, involving Defendant John Thatcher

- _Failure to perform duties_: Neglecting or refusing to perform official duties

309.

I do for you, you do for me, through political affiliation

310.

- *False Statements to Police*: 720 ILCS 5/31-4.5 (Illinois Compiled Statutes) makes it a crime to knowingly make a false statement to a peace officer or other law enforcement official.

311.

Defendant Planet Fitness staff, knowingly and intentionally provided false statements to police, in furtherance of political affiliation, official misconduct and a *Conspiracy Against Constitutional Rights* (18 U.S.C. § 241)

312.

In Illinois, malicious prosecution is typically a civil claim, but there is a related criminal statute:

- *Obstruction of Justice*: 720 ILCS 5/31-4 makes it a crime to knowingly obstruct or interfere with an investigation, prosecution, or sentencing.

313.

Defendant Planet Fitness staff, can also be arrested and charged with obstruction of justice, for the false information provided to law enforcement and includes hindering the aid of defense for the accused

314.

- *Malicious Prosecution is usually a civil claim*: In Illinois, malicious prosecution is typically pursued as a civil tort claim, requiring proof of:

  - Initiation or continuation of a proceeding

  - Lack of probable cause

  - Malice

  - Termination in favor of the plaintiff

  - Damages

315.

It can also be implied from Defendants deficient training, involving application of the criminal trespassing statute, with Defendants arbitrary enforcement, from making unlawful arrests, due to lacking probable cause

- *Membership Fee*: While there's no specific statute for "membership fee," you might be looking for laws related to extortion or coercion. 720 ILCS 5/12-6 (Illinois Compiled Statutes) defines intimidation, which includes threats to obtain something of value.

316.

Did Defendant Russell and Defendant Planet Fitness staff, provide an alternative explanation, in furtherance of official misconduct, while the State is advancing a Ricky Martin defense, in hopes of intimidating one into submission, after conducting an unlawful "sting" operation to misrepresent facts, without termination of membership?

317.

The intimidation statute in Illinois is 720 ILCS 5/12-6, which defines intimidation as communicating a threat to cause another person to perform or omit an act, with intent to cause that person to act or refrain from acting. Threats can include physical harm, confinement, or restraint, committing a felony or Class A misdemeanor, accusations, exposure to hatred or ridicule, or taking action as a public official


*Key Elements of Intimidation:*


- _Threats_: Physical harm, confinement, restraint, or other actions

318.

Did Defendant Russell and Defendant Planet Fitness staff scheme with law enforcement Defendants include a threat as defined by the Intimidation statute, including January 1st, 2025, and later Wal-Mart interaction???


- _Intent_: To cause another person to act or refrain from acting

319.

Defendant Russell and Defendant Planet Fitness staff, intentions were to provoke a reaction and/or to prevent one from talking to security cameras, with the intentions of advancing a Ricky Martin defense with other Defendants, through a public smear campaign, affecting interstate commerce, as part of a Conspiracy Against Constitutional Rights* (18 U.S.C. § 241)


- _Communication_: Direct or indirect, by any means

320.

Based on Defendant Garcia's prior interaction(s) with one and Defendant Sgt. Johnson, where complaint(s) were made for the purpose of harassing one, while charging an e-bike, backdoor communication and political affiliation can be implied

*Penalties:*

- Class 3 felony, punishable by 2-10 years imprisonment and fines up to $25,000

- Aggravated intimidation: Class 1 felony (gang-related) or Class 2 felony (other circumstances), with increased penalties

Under R.I.C.O.

321.

Does wearing a badge allow law enforcement or any attorney, through political affiliation, give them a right to use selective police powers to Bully or Intimidate one, with intentions of causing psychological harm? (Judge says no while engaging in official misconduct) (Jury Determines guilt)

- *Federal RICO*: 18 U.S.C. § 1962 (Racketeering activity, conspiracy, or enterprise)

- *Illinois RICO*: 720 ILCS 5/33G-3 (Racketeering, conspiracy, or enterprise)

Count 2 - Criminal Trespassing Conspiracy

322.

Plaintiff re-alleges the background information alleged previously, as set forth here

323.

To prove false arrest conspiracy, the prosecution would typically need to show:

- *An agreement between two or more people*: Evidence of a plan or agreement to falsely arrest or detain someone.

324.

- *Intent to commit the offense*: Evidence that the defendants intended to deprive the person of their liberty without lawful authority. *(Advancing Ricky Martin defense, by alleging unfit and subsequent efforts to Involuntarily Commit)*

325. *Overt act*: Evidence of an overt act in furtherance of the conspiracy, such as filing false reports or making false statements. *(Including police Incident Reports filed after January 21st, 2020, now "notes")*

In Illinois, false arrest can lead to charges like filing a false police report or conspiracy

326.

For false arrest conspiracy (2023-CM-13, 2023-CM-22 and 2025-CM-225), relevant Illinois statutes might include:

- *False imprisonment*: 720 ILCS 5/32-8 *(23-CM-13 and 23-CM-22)* *Your suggesting I'm unfit to advance whose interests? no public*

Unlawful restraint in Illinois is addressed under *720 ILCS 5/10-3*. This statute makes it a crime to knowingly and without legal authority detain or confine another person.

327.

Personating a police officer in Illinois is addressed under *720 ILCS 5/17-2*. This statute makes it a crime to falsely represent oneself as a peace officer or perform acts implying one is a peace officer. *(I was in prison with a lead chicago "Detective" convicted of, due to coming in off duty, and giving unlawful orders)*

- *Conspiracy*: 720 ILCS 5/8-2

328.

"Under color of law" refers to actions taken by someone using their authority or position. In the US, it's often associated with civil rights violations.

329.

- *Federal Law*: 18 U.S.C. § 242 makes it a crime for someone acting under color of law to willfully deprive a person of their rights.

- *Official misconduct*: 720 ILCS 5/33-3 (if involving public officials)

- *Filing a false police report*: 720 ILCS 5/26.5-2

Witness tampering is addressed under:

- *Federal Law*: 18 U.S.C. § 1512

- *Illinois Law*: 720 ILCS 5/32-4

330. Intimidation in Illinois is addressed under *720 ILCS 5/12-6*. This statute makes it a crime to communicate a threat to another person with the intent to cause harm or influence their behavior.

331. Altering public records in Illinois is addressed under *720 ILCS 5/31-4.1*. This statute makes it a crime to knowingly alter, destroy, or conceal public records with the intent to impair their integrity or availability. (23-CM-13 and 23-CM-22)

332. A Public Smear Campaign Conspiracy, facilitated through the pre-tense of meaningful access to the courts? (including Federal Court orders)

333. In Illinois, conspiracy occurs when two or more people agree to commit a crime, and at least one of them takes an action to further the plan

Possible relevant statutes include:

- *Conspiracy*: 720 ILCS 5/8-2, which addresses agreements to commit crimes

- *Intimidation*: 720 ILCS 5/12-6, which involves threats to influence behavior

(I'm gonna dismiss your case and take your money) instead of 2441 since I know he can't exhaust confinement through Habeau Corpas

- *Cyberstalking*: 720 ILCS 5/12-7.5, which addresses harassment through electronic means

334.

The penalties for conspiracy vary based on the underlying offense. For example, conspiracy to commit a Class X felony is a Class 1 felony, while conspiracy to commit a misdemeanor can result in fines or imprisonment (Now Kidnapping or "attempts" didn't happen?)

- *Conspiracy*: If individuals are remaining silent due to agreements or intimidation, 720 ILCS 5/8-2 might apply.

337.

Crimes that may involve backdoor communication through political affiliation include:

- *Conspiracy Against Constitutional Rights* (18 U.S.C. § 241): Conspiring to deprive someone of their constitutional rights

336.

In the United States, the government may impose reasonable restrictions on access to public places, but it can't ban individuals without due process. (See Hague v. CIO, 307 U.S. 496 (1939)).

357.

Generally, a person can be lawfully arrested for criminal trespassing in a public place if they've been given explicit notice not to enter or remain, such as through a written or verbal warning, or if they're engaging in specific prohibited conduct.

338.

City officials typically can't ban individuals from public places without due process, as this could infringe on constitutional rights like freedom of speech and assembly. (See Packing v. City of Toledo, 953 F.2d 1021 (6th Cir. 1992)).

339.

However, if an individual is disrupting public order or violating laws, they can be subject to arrest or restrictions.



The specifics depend on local laws and circumstances.

340.

Planet Fitness staff can call law enforcement for criminal trespassing, but there are certain steps they typically follow beforehand.

341.

According to their policies, staff are expected to prioritize the safety, privacy, and comfort of members.

342.

If a member is violating the gym's rules or policies, staff may address the issue and ask the member to leave.

343.

If the member refuses, staff can involve law enforcement.

344.

Here are some general guidelines on what usually happens:

- *Verbal Warning*: Staff will typically issue a verbal warning, asking the individual to leave the premises.

- *Written Notice*: In some cases, a written notice may be provided, outlining the reason for removal.

- *Law Enforcement Involvement*: If the individual refuses to leave, staff can contact local law enforcement, providing them with details of the incident.

345.

*This didn't happen since Planet Fitness staff called law enforcement, without providing an explanation to one, prior to law enforcement's arrival for one's removal from Planet Fitness*

346.

This arguably suggests, backdoor communication in furtherance of a public smear scheme, affecting interstate commerce, through a conspiracy to deprive constitutional rights.

347.

It's worth noting that laws regarding trespassing vary by state, and Planet Fitness staff are expected to follow local laws and regulations.

348.

Planet Fitness staff typically follow a protocol when dealing with incidents or issues, but specific procedures may vary by location.

349.

Generally, staff are expected to report incidents to their supervisors or management team, which may include regional managers, depending on the severity and nature of the issue.

350.

In cases where Planet Fitness staff is harassing one, prior to calling law enforcement, can this be used during criminal tresspassing proceedings; where bias, incentives and motives in framing an individual, involves protecting the interests of a sibling who is law enforcement, where a mother of law enforcement is a Planet Fitness manager?

351.

If Planet Fitness staff are harassing one and calling law enforcement for criminal trespassing, one may be able to raise this during proceedings.

352.

Bias, incentives, and motives can be relevant to credibility and potential impeachment of witnesses, so yes, if Planet Fitness staff is harassing one and calling law enforcement for criminal trespassing, this can potentially be used during proceedings to raise questions about bias, incentives, and motives.

353.

Specifically, if a sibling of a manager of Planet Fitness is a law enforcement officer, this could suggest potential bias or a motive to frame one.

354.

In general, if an individual has a right to be on property open to the general public and hasn't done anything wrong, law enforcement would typically need a valid reason, such as a legitimate safety concern or specific law violation, to remove them.

355.

If the individual is a member and adhering to the facility's rules, the property owner or manager would typically need to follow their own policies and procedures for membership termination or access restriction, which often involve notice and opportunity to respond.

356.

Law enforcement would generally need probable cause of a crime to remove the individual.

357.

Lawful authority does not exist if probable cause is lacking for an arrest.

358.

An arrest without probable cause is considered unlawful and may be a violation of the individual's Fourth Amendment rights. (See Terry v. Ohio, 392 U.S. 1 (1968)).

359.

In Illinois, law enforcement officers are required to have probable cause to make an arrest (725 ILCS 5/107-2).

360.

If probable cause is lacking, the arrest may be deemed invalid, and any subsequent proceedings may be subject to challenge.

361.

In Illinois, law enforcement may arrest for criminal trespass even if the location is open to the general public, if the person has been explicitly told not to enter or remain on the property (720 ILCS 5/21-3).

362.

However, the officer still needs probable cause to believe the person has committed the offense.

363.

Simply being present on public property isn't enough; the officer must have a reason to believe the person is violating or has violated a specific law or order to leave. (See People v. Wilson, 2012 IL App (1st) 102012).

364.

As supported by the video evidence, Scott v. Harris (2007), the trial court must ignore false information, and rather make it decisions based on the video evidence, including how the Accused walked in, asked if allowed and then left when informed.

365.

If law enforcement relies on recklessly false statements to arrest someone for criminal trespassing, it could be considered a Fourth

Amendment violation. (See Whitlock v. Brueggemann, 682 F.3d 567 (7th Cir. 2012)). Bias?

366.

As a member of Planet Fitness, one has a legitimate expectation of being on the premises for the intended purposes.

367.

If the arrest was based on false information, one may have grounds for a false arrest claim or other civil rights claims. (See Manuel v. City of Joliet, 903 F.3d 667 (7th Cir. 2018)).

368.

One relevant case is *District of Columbia v. Wesby (2018)*, where the Supreme Court held that officers had probable cause to arrest partygoers for unlawful entry.

The court considered the totality of the circumstances, including the fact that the partygoers had entered the home against the owner's will.

369.

As for cases involving officers lacking lawful authority due to lacking probable cause, here are a few examples:

- *Mapp v. Ohio (1961)*: The Supreme Court ruled that evidence obtained without probable cause is inadmissible in court.

- *Illinois v. Gates (1983)*: The court established the "totality of the circumstances" test for determining probable cause.

- *Terry v. Ohio (1968)*: The court ruled that officers need reasonable suspicion, but not probable cause, to conduct a brief stop and

frisk.

These cases highlight the importance of probable cause in justifying an arrest or search.

370.

Here are some recent cases involving probable cause and lawful authority:

- *District of Columbia v. Wesby (2018)*: The Supreme Court ruled that officers had probable cause to arrest partygoers for unlawful entry, considering the totality of circumstances.

*Madero v. McGuinness (2024)*: The Seventh Circuit Court of Appeals affirmed that officers had probable cause to arrest Madero based on eyewitness testimony, despite later evidence suggesting innocence.

- *Payton v. New York (1980)*: The Supreme Court held that warrantless entries into homes are generally unreasonable, but an arrest warrant founded on probable cause allows limited entry into a dwelling.

- *United States v. Ventresca (1965)*: The Court established that affidavits for search warrants should be interpreted in a

commonsense and realistic manner, not subjected to overly technical scrutiny.

- *Illinois v. Gates (1983)*: The Court introduced the "totality of circumstances" test for determining probable cause, considering all facts and circumstances known to officers at the time of arrest.

These cases highlight the importance of probable cause in justifying arrests and searches, emphasizing the need for officers to consider the totality of circumstances and rely on credible evidence.

371.

One relevant case is *People v. Peacock, 68 N.Y.2d 675 (1986)*.

In Peacock, the New York Court of Appeals held that an arrest for resisting arrest is invalid if the underlying arrest was unlawful, meaning it lacked probable cause. The court emphasized that the resisting arrest charge requires an underlying offense, and if the initial arrest was unlawful, the resisting arrest charge may be dismissed.

372.

Regarding the facts and nature of this case, if an arrest for criminal trespassing relies on recklessly false statements, it may not support probable cause.

- *United States v. Bell (7th Cir. 2007)*: This case involves the reliability of informant statements. The court considers factors like the informant's credibility and the basis of their knowledge when evaluating probable cause.

- *Franks v. Delaware (1978)*: This Supreme Court case establishes that if an officer knowingly or recklessly includes false statements in a warrant affidavit, the warrant may be invalid. If the false statements are necessary to the finding of probable cause, the evidence obtained may be suppressed.

373.

Official misconduct involves a public officer's intentional or reckless act in excess of their authority.

314.

Official misconduct by police officers can lead to wrongful arrests and imprisonment.

315.

Official misconduct can occur when officers exceed their lawful authority, such as:

- *Lacking probable cause*: Arresting someone without reasonable grounds to believe they've committed a crime.

- *Acting with malicious intent*: Arresting someone to protect another officer or for personal gain.

- *Violates department policies*: Engaging in conduct that deviates from established protocols.

Malicious prosecution occurs when someone is prosecuted without probable cause, and the prosecution is motivated by malice.

316.

To establish malicious prosecution, a plaintiff typically needs to show:

- *Initiation of proceedings*: The defendant initiated a criminal or civil proceeding against the plaintiff.

- *Lack of probable cause*: The defendant lacked probable cause for the proceeding.

- *Malice*: The defendant acted with malice, meaning they had an improper purpose or intent.

317.

Lacking probable cause can be evidence of malice, establishing a common practice, through circumstantial evidence.

378.

If an officer arrests someone without probable cause and with an improper motive, such as to protect another officer or for personal gain, it can be considered acting with malicious intent.

Some relevant cases include:

- *Awabdy v. City of Adelanto (9th Cir. 2003)*: The court held that a plaintiff must show the prosecution was motivated by malice to establish malicious prosecution.

- *Sullivan v. Louisiana (1993)*: The Supreme Court emphasized the importance of probable cause in justifying an arrest or prosecution.

379.

Some relevant cases involving official misconduct and exceeding lawful authority include:

- *Monroe v. Pape (1961)*: Police officers can be liable under 42 U.S.C. § 1983 for conspiring to deprive individuals of their constitutional rights.

*Graham v. Connor (1989)*: Established the "objective reasonableness" standard for evaluating excessive force claims

Here are some relevant case laws and considerations:

- *Terry v. Ohio (1968)*: Established that police need reasonable suspicion, but not probable cause, for a brief stop and frisk.

- *Franks v. Delaware (1978)*: This Supreme Court case established that if an officer knowingly or recklessly includes false statements in a warrant affidavit, the warrant may be invalid.

- *United States v. Bell (7th Cir. 2007)*: This case involves the reliability of informant statements and probable cause.

- *People v. Peacock (1986)*: A New York case where the court held that an arrest for resisting arrest is invalid if the underlying arrest was unlawful, meaning it lacked probable cause.

380.

Regarding police officers acting in excess of their authority, official misconduct can occur when an officer:

- *Lacks probable cause*: Arresting someone without reasonable grounds to believe they've committed a crime.

- *Acts with malicious intent*: Arresting someone to protect another officer or for personal gain.

381.

In cases of wrongful arrest and imprisonment, victims may seek compensation through civil lawsuits, alleging false arrest, malicious prosecution, or civil rights violations, and official misconduct can involve conspiracies to deprive individuals of their constitutional rights.

One relevant case is:

- *Monroe v. Pape (1961)*: The Supreme Court held that police officers can be liable under 42 U.S.C. § 1983 for conspiring to deprive individuals of their constitutional rights.

382.

Other cases involving official misconduct and conspiracy include: